## No. 578

### WILSON v. DEWEY et

No. 19849. Supreme Cuort

On motion to certify. Dock. May 28, 1926.

953a. PRIORITY—Is a mortgage given to secure the unpaid balance of the purchase price of a piece of real estate filed prior to a mechanic's lien subsequently placed against the property prior to said mechanic's lien or does the mechanic's lien have precedence over the mortgage in the distribution of the proceeds from sale under foreclosure.

Curtis M. Wilson brought this action originally in the Perry Common Pleas against H. A. Dewey, the Crooksville Mining Company and George W. Spring for foreclosure of a purchase money mortgage on certain coal land which he had sold to Dewey.

In August 1920 Wilson agreed by written contract to sell certain coal line which he owned, and upon which a mine was being operated, to H. A. Dewey; and pursuant thereto in September 1920 Wilson conveyed by deed said property to Dewey, taking a mortgage on the property to secure the unpaid balance of the purchase price. Immediately thereafter Dewey caused the Crooksville Mining Company to be incorporated and thereupon conveyed said land to the Company. The deeds delivered in these transactions were recorded on November 29, 1920, and the mortgage from Dewey to Wilson was filed for record on December 17, 1920. Thereafter Spring sold a quantity of lumber to the Company to be used in constructing a tipple and upon the failure of the company to pay this material Spring caused a mechanic's lien to be filed against the property.

Upon the Company's failure to pay the balance of the purchase price Wilson brought an action for foreclosure and the amount realized from the sale of the property being insufficient to pay both the unpaid balance of the purchase price and the mechanic's lien the question arose as to which lien had priority. The judgment of the Common Pleas in decreeing the mechanic's lien to be prior to the lien of Wilson was affirmed by the Court of Appeals.

Wilson in the Supreme Court contends:

1. That the mechanic's lien applied only to the equity of redemption in the property which belonged to the Mining Company, because it is claimed, Spring was merely a creditor.

2. That the mortgage had priority over the mechanic's lien because it was filed prior to said lien.

3. That a vendor's lien is prior to any liens subsequently filed.

Attorneys—T. M. Potter, New Lexington, for Pltf.; T. B. Williams, New Lexington, for Deft.

## No. 579

### HOYO v. STATE

No. 19883. Supreme Court

On motion to certify. Dock. June 10, 1926.

661. INTOXICATING LIQUORS—Where certain bottles are found on the property of the accused, who did not go on the witness stand, are such facts sufficient to warrant conviction for illegal possession?

It appears that pursuant to the issuance of a search warrant jamaica ginger and pop bottles were found in a store belonging to the accused. Testimony was offered by the State to prove that jamaica ginger was capable of being used for beverage purposes, the witnesses not being qualified nor the testimony confined to the particular ginger found.

The jury of the trial court found Hoyo guilty and the judgment rendered was affirmed by the Appeals.

Hoyo in the Supreme Court contends:

1. That the use of pop bottles as evidence violated the constitution by causing him to testify against himself in a criminal action.

2. That the evidence offered by the State did not warrant a conviction.

Attorneys—George C. McKelvey, St. Clairsville, fro Pltf.; H. Nutchel, St. Clairsville, for Deft.

## No. 580

### PURE OIL COMPANY v. KINDALL et

No. 19855. Supreme Court

On motion to certify. Dock. May 29, 1926.

961. PROPERTY—Where a grantor conveys property to a grantee in which there is a reservation that the grantors reserve the rights to royalties from oil and gas under a certain lease "forever", may the grantors extend the original lease and thereby continue to receive the royalties or at the expiration date set forth in the original lease is the grantee entitled to all oil and gas?

Eva F. Kindall brought this action originally in the Monroe Common Pleas against the Pure Oil Company for an accounting and to quiet title in a certain parcel of real estate.

It appears that Kindall was the owner in fee simple of a parcel of real estate upon which the company had obtained a lease for oil and gas rights from Kindall's grantor.

The lease stipulated that it was to terminate in 25 years, but this time had been extended by Kindall's grantor. Kindall however denied the extension of time of the lease.

The Common Pleas quieted the title and ordered an accounting by the oil company for all oil removed after the termination of the lease and this decree was sustained by the Appeals.

The Company in the Supreme Court contends:

1. That the reservation in the deed proves that the parties to the deed intended that royalties were to be received by the grantor.

2. That Kindall had only such rights as were possessed by her grantor.

3. That some weight should have been given the term "forever" contained in the reservation in the deed.

4. That the grantor reserved by implication the right to operate all wells "forever".

Attorneys—Moore, DeVaul & Moore, Woodsfield, for Pltf.